# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURRETT SHEPPARD STEEL CO.** | : | **CIVIL ACTION NO. 1:12-CV-0093** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CONRAD ENTERPRISES, INC.,** | : | |
| **Defendant** | : | |

## ORDER AND DEFAULT JUDGMENT

AND NOW, this 14th day of December, 2012, upon consideration of plaintiff's motion for entry of judgment by default (Doc. 8) filed on December 11, 2012, and it appearing that defendant received service of process on January 26, 2012 (see Doc. 4), that defendant has not made an appearance in the above-captioned action, see FED. R. CIV. P. 55(b)(2) (providing for notice and a hearing on motion for default only if adverse party has made an appearance), that default (Doc. 7) has been entered against defendant for failure to plead or otherwise defend against the complaint, see FED. R. CIV. P. 55(a) (providing for entry of default by clerk), and it further appearing that plaintiff seeks recovery of $86,520.88 in steel shipment

invoices,[1] $17,366.69 in service charges,[2] and $1,102.00 in attorneys' fees, see FED. R. CIV. P. 55(b)(1) (allowing court to enter judgment by default without hearing if claim is "for a sum which can by computation be made certain") and that plaintiff's claim is supported by documents accompanying the motion, it is hereby ORDERED that:

1. Plaintiff's motion for entry of judgment by default (Doc. 8) is GRANTED.

2. Judgment is hereby ENTERED in favor of plaintiff and against defendant in the amount of $104,989.57.

3. The Clerk of the Court is directed to CLOSE this case.

                                      S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge

---

[1] Plaintiff's financial controller, Christie Warner, stated in a sworn affidavit that defendant owes plaintiff $86,520.88 for steel shipments invoiced between April 11, 2011 and August 31, 2011. (See Doc. 8-5).

[2] In her affidavit, Warner stated that an Application for Credit, executed by defendant's President, Dale L. Martin, requires defendant to pay plaintiff's invoices within thirty (30) days. Plaintiff is entitled to a service charge of 1.5% per month (18% *per annum*), plus "reasonable collection costs and attorneys' fees," if defendant does not timely pay the invoices. (See Doc. 8-5).